Ruth Botstein
Meagan Carmichael
Assistant Municipal Attorneys
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendants
*Municipality of Anchorage; Anchorage Police Department*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JARED TUIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MUNICIPALITY OF ANCHORAGE, and | ) |
| ANCHORAGE POLICE DEPARTMENT, | ) |
| | ) |
| Defendants. | ) Case No. 3:19-cv-00326 HRH |
| | ) |

**STIPULATED PROTECTIVE ORDER**

The parties, by and through their respective attorneys of record whose signatures appear below, stipulate and agree as follows:

1. It is understood and agreed that documents, files, materials, and non-paper media, including e-mails, electronic documents, videotape, audiotape, computer files, disks, hard drives, portable drives, print-outs, and all other materials produced in this litigation by Defendants Municipality of Anchorage and Anchorage Police Department

("Defendants"), and the Plaintiff, pursuant to the Federal Rules of Civil Procedure and applicable Local Rules, are being produced pursuant to this Stipulated Protective Order and only under the terms and conditions here set forth.

2. This Stipulated Protective Order applies to any documents that as yet have not been disclosed by either party, and which may be subject to certain exceptions to production or disclosure. Confidential documents subject to restrictions on disclosure and use during and after this litigation pursuant to this Stipulated Protective Order also include, but are not limited to, documents that Defendants and Mr. Tuia or their counsel possesses that were previously produced in connection with and/or related to preparation for and/or use at the 2019 EEOC mediation between Mr. Tuia and the Anchorage Police Department (Charge No. 551-2018-03948).

3. Privileged documents may be withheld or redacted in accordance with Federal Rule of Civil Procedure 26(b)(5), but may be subjected to FRCP 37 motion to compel, if the parties disagree on the redaction or withholding. Documents containing certain information subject to disclosure limitations by local, state, or federal statute, ordinance, or regulation may be subject to redaction or other limitation in accordance with such statutes, regulations, and ordinances, which include AS 12.61.110, AS 12.61.140; AS 40.25.120; AS 45.48.090(7); 45 CFR 164.500 et seq. and 8 AAC 15.910(d), but may be subjected to FRCP 37 motion to compel, if the parties disagree on the redaction or withholding. Protected documents shall include any and all documents produced by Defendants containing victim names, confidential witnesses, internal investigations, and personnel files and other personnel information, as well as other documents including

dates of birth, social security numbers, names and identifying information about minor children, disciplinary matters, personnel evaluations, background checks, personnel investigations, and records regarding personnel actions. By agreeing to this protective order, the parties do not agree that any privilege created by statute, rule or common law is appropriate for any document which might otherwise be disclosed; rather, any question of whether a redaction or privilege has properly been applied to a particular document may be decided later by the parties and/or the Court.

4. All documents designated as confidential shall be labeled by the designating party with the legend "CONFIDENTIAL, Produced Subject to Protective Order." In the event a party produces a confidential document without designating it as such, including any earlier productions by the Defendants to Mr. Tuia's counsel, that party shall, upon discovery of such error, oversight or earlier production, again produce the document with the added legend "CONFIDENTIAL, Produced Subject to a Protective Order" and notify all other parties that the properly labeled document is to be substituted for all copies of the previously produced unlabeled document. Such documents shall be deemed to be confidential documents under this Stipulated Protective Order from the date they are again produced with the requisite label.

5. The confidential documents and material contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than to Qualified Persons pursuant to Section 5 and only as required for the litigation of this matter. The confidential documents may not be used for any purpose whatsoever other than as expressly allowed by and in

accordance with the Stipulated Protective Order. The confidential documents may not be used in any other litigation, administrative proceeding, or arbitration. The confidential documents, their content, and the fact of their existence, shall not be shared in any way, even verbally, with anyone who is not permitted as a Qualified Person pursuant to Section 5, including the media.

6. Unless allowed by the prior written consent of the disclosing party or upon further order of this Court, the confidential documents may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

> (a) the parties and their counsel of record in this action;
> (b) employees of such counsel assigned to and necessary to assist during the course of the litigation;
> (c) independent experts and consultants retained by either party as may be necessary for that person's assistance during the course of the litigation;
> (d) a witness at a deposition, trial, or other proceeding in this litigation, including during preparation by counsel for such witness activity, subject to such witness's agreement to be bound by the terms of this Stipulated Protective Order,
> (e) any court reporter taking testimony of a witness subject to this Stipulated Protective Order who shall sign an acknowledgement to be bound by its terms, and
> (f) the Court in accordance with provisions of this Stipulated Protective Order.

7. Before being given access to the confidential documents, each Qualified Person shall review this Order and agree in writing to be bound by its terms. Defendants shall require any of their employees deposed in this matter to agree to be bound by this Order or shall agree on their behalf. Each party shall maintain a list of all Qualified Persons to whom confidential information subject to this Stipulated Protective Order has been provided and that list, and each Qualified

Person's written acknowledgement of the Stipulated Protective Order, shall be available for inspection by either party or the Court upon request.

8.  A party releasing copies of confidential documents to a Qualified Person outside of that party's counsel's office shall maintain a list (by Bates number) of all such released records. The disclosing party shall recover all confidential information subject to this Stipulated Protective Order upon completion of the Qualified Person's participation in this case. The list of disclosed records required to be kept by this paragraph shall be made available for inspection by the other party or the Court upon request.

9.  The confidential documents and any copies of the confidential documents, including electronic records, including those released to Qualified Persons, shall be maintained in a secure and safe area, with due and proper care exercised with respect to the storage, custody, use and/or dissemination of such information. Copies, including electronic copies and scans, shall be made only as reasonably necessary for the conduct of this lawsuit. All copies, electronic copies, print outs, reproductions, scans, summaries, spreadsheets, and abstractions shall be subject to the terms of the Protective Order, and labeled in the same manner as the confidential documents. Electronic confidential documents must be stored, maintained, and transmitted with adequate security to protect against unauthorized access and use and to maintain the confidentiality of documents protected under this Stipulated Protective Order.

10.  If a witness during a deposition or other pre-trial proceeding is asked to testify, or testifies, about confidential documents or their content, a party or its

counsel may designate all or portions of deposition testimony by witnesses as confidential under this Stipulated Protective Order by advising the court reporter and/or the videographer, as applicable, and all counsel at the deposition or proceeding of such fact. The court reporter shall mark the face of each relevant transcript page with the word "Confidential." Any portion of a deposition transcript not so designated at the time the testimony is given may be designated as confidential by a party anytime within thirty (30) days after the party receives the witness's transcript of the testimony. Such designation may be made by listing the page and inclusive line numbers of the materials designated as confidential and providing such designation to the other party's counsel and the court reporter. The court reporter shall thereafter mark the face of each relevant page as "Confidential." Whenever any confidential document is identified or marked as an exhibit in a deposition or other pretrial proceeding, it shall be marked "Confidential" and not released by the court reporter to any person other than counsel for the respective parties or the Court.

11. All documents that are filed with the Court that contain any portion of the confidential transcripts, documents, or information taken from confidential transcript portions or documents shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the action to which it pertains, the number or letter of the exhibit, the name of the document to which the exhibit relates, the word "CONFIDENTIAL," and a statement substantially in

the following form:

> This envelope or container is sealed and contains confidential information filed in this case by and is not to be opened or the contents thereof displayed or revealed except by order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

12. At any time after the production of any materials designated as Confidential by one party, the other party may serve a notice of objection to such designation, stating the reasons for such objection. Should the parties be unable to resolve the issues raised by the objection, within fourteen (14) days of the receipt of such objection, the designating party may thereupon seek a ruling from the Court with respect to the merits of the designation. The burden of proving the appropriateness of the designation shall be upon the party designating the materials as confidential. If no such motion is made the materials shall no longer be considered confidential.

13. No party, or Qualified Person permitted access to confidential documents pursuant to Section 5 of this Protective Order, shall under any circumstances, disclose, offer to disclose, sell, offer for sale, advertise, or publicize the contents of the confidential documents unless explicitly allowed by this Stipulated Protective Order or by further order of the Court. Parties and Qualified Parties also may not publicize the fact that they have obtained confidential documents subject to this Stipulated Protective Order other than as may be necessary in Court pleadings and in accordance with this Stipulated Protective Order.

14.     All copies, including electronic copies, of confidential documents produced under this Protective Order shall be accounted for and destroyed or returned to the disclosing party for destruction within 30 days after the end of this litigation. This requirement does not extend to confidential information included in pleadings, legal memoranda, correspondence between parties, or work product in the possession of counsel, however, such information shall continue to be subject to the strict non-disclosure provisions of the Stipulated Protective Order.

15.     This Stipulated Protective Order shall be binding upon the parties, their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. The execution of this Order by the parties' counsel shall constitute a representation that all persons employed by the parties and the parties' counsel shall observe this Order and that all persons to whom confidential documents are disclosed shall be made aware of this Stipulated Protective Order.

16.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.

Respectfully submitted this 3rd day of March, 2020.

                                                KATHRYN R. VOGEL
                                                Municipal Attorney

                                                By: s/Ruth Botstein, s/ Meagan Carmichael
                                                        Ruth Botstein (AK Bar No. 9906016)
                                                        Meagan Carmichael (AK Bar No. 1011071)
                                                         Assistant Municipal Attorneys
                                                         Municipal Attorney's Office
                                                         P.O. Box 196650
                                                         Anchorage, Alaska 99519-6650
                                                         Phone: (907) 343-4545
                                                         Fax: (907) 343-4550
                                                         Email: uslit@muni.org

Respectfully submitted this 3rd day of March, 2020.

                                                Michael W. Flanigan
                                                Flanigan & Bataille
                                                Attorneys for the Plaintiff

                                                By: /s/ Michael Flanigan
                                                        Flanigan & Bataille
                                                        1007 W. 3rd Ave., Ste 206
                                                        Anchorage, Alaska, 99501
                                                        Phone: 907-279-9999
                                                        Fax: 907-258-3804
                                                        Email: mflanigan@farnorthlaw.com

<u>Certificate of Service</u>
The undersigned hereby certifies that on March 3, 2020, a
true and correct copy of the foregoing was served on the parties'
counsel by electronic means through the CM/ECF system.

/s Amber J. Cummings
Amber J. Cummings , Legal Secretary
Municipal Attorney's Office