Michael W. Flanigan
FLANIGAN & BATAILLE
1007 W. 3rd Ave., Ste. 206
Anchorage, Alaska, 99501
Telephone: (907)-279-9999
Facsimile: (907) 258-3804
E-Mail: mflanigan@farnorthlaw.com
Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JARED TUIA, <br><br>                Plaintiff, <br>vs. <br><br>ANCHORAGE POLICE DEPARTMENT and MUNICIPALITY OF ANCHORAGE, <br><br>                Defendant. | Case No. 3:19-cv-00326 HRH <br><br>**AMENDED COMPLAINT** <br><br>JURY DEMANDED |

Comes now the Plaintiff, Jared Tuia, by and through counsel, Flanigan & Bataille, and for his Amended Complaint against the Defendants, states and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for relief, pursuant to AS 18.80.220(a)(1) and Title VII of the Civil Rights Act of 1964, 42 USC §2000e-2 and the Common Law of Alaska..

2. This Court has subject jurisdiction pursuant to 28 USC 1331.

3. Jared Tuia, is a resident of Anchorage, Alaska.

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska  99501
Phone 907-279-9999
Fax 907-258-3804

4. Jared Tuia is a person of color, ½ Samoan, and classified as a Pacific Islander. As such he is part of a protected minority class.

5. Defendant, Municipality of Anchorage is a municipality chartered by the State of Alaska.

6. Defendant, Anchorage, Police Department is an agency of the Municipality of Anchorage.

7. The Anchorage Police Department is a predominantly white police force, despite a significant amount of non-white individuals (33%) living in Anchorage, Alaska,

8. Jared Tuia became a police officer on the Anchorage Police Force in 1999. He will have been a police officer in the Anchorage Police Department for 20 years as of November, 2019.

9. During his tenure with the Anchorage Police Department, Tuia has advanced to the rank of Lieutenant and has been recognized as performing excellent service in the various assignments he was given.

10. Those assignments included: coordinator/instructor at the police academy; mentoring program for new officers; patrol officer supervisor, patrol officer lieutenant; commander of domestic violence unit; commander of K9 unit; commander of emergency operations; commander to community action policing; commander traffic unit, commander inspections unit, commander property crimes unit; commander of detectives vice unit and APD representative at the Kennedy v MOA trial.

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

11. Jared Tuia has also excelled academically, having obtained a Masters Degree in criminology and a diploma from the Police Staff and Command School at Northwestern University.

12. However, despite an excellent service record, academic achievements, more than many years of seniority and years in grade as a lieutenant on the Anchorage Police Force, Jared Tuia was denied a promotion to Captain in four occasions separate occasions in 2015, 2017, 2018 and 2020.

13. Instead Lieutenants with lesser time in grade and lesser qualifications were promoted instead.

14. When Tuia asked for a debriefing about why he was not promoted in 2015, he was told he could accomplish great things, "somewhere other than the APD."

15. When Tuia asked for a debriefing about why he was not promoted in 2017, no debriefing was provided. Instead he was transferred to the "property crimes division, which was struggling with a sharp increase in these types of crimes. Nevertheless, under Tuia's direction, the unit made excellent progress in finding and breaking up car theft rings, which caused a reduction in the amount of property crimes.

16. After Tuia started inquiring why he had not been promoted he started experiencing frequent transfers. Between 2015 and 2018 he was transferred more than any other Lieutenant at the Anchorage Police Department.

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

17. In April, 2018, other Lieutenants were promoted instead of Jared Tuia, despite the fact that his time in grade, experience and qualifications were far superior to the Lieutenants that were promoted at that time.

18. When Tuia ask for a debriefing to explain why he was not promoted for the third time, none was provided.

19. In March 2020, another Lieutenant, with far less time in grade and other qualifications was promoted instead of Tuia, who had also applied for the promotion.

20. The promotions to Captain were not based on performance evaluations because the Anchorage Police Department does not have performance evaluations.

21. Instead the evaluation process for promotion to Captain is limited to an interview process, which consists of a number of questions and is entirely subjective in nature, lending itself to discriminatory bias.

22. The U.S. Office of Equal Employment Opportunity has previously criticized the promotion practices of the Anchorage Police Department as facilitating discriminatory promotion practices.

23. Recently retired Lieutenant John McKinnon asked Deputy Chief Ken McCoy why the particular Lieutenants in the 2018 promotion to Captain process were selected and was told the Chief of Police knew who he was going to promote before applications were even solicited.

Amended Complaint
*Tuia v. MOA; et. al.*; Case No. 3:19-cv-00326 HRH - PAGE 4 OF 10
Case 3:19-cv-00326-HRH   Document 16   Filed 03/17/20   Page 4 of 10

24. This manner of promotion to Captain is contrary to the Municipality of Anchorage's September 1, 2015 EEO/AA Policy statement, which states in part:

> In order to achieve its EEO goals, MOA will utilize AA policies to aggressively recruit and employ qualified minorities, women, veterans, persons with disabilities and other disadvantaged groups that are underutilized in the MOA workforce. MOA will also ensure that its overall employment practices and procedures are nondiscriminatory and do not adversely exclude any qualified individual from a municipal position, training of development opportunity based on factors other than the individuals merit, ability and other factors related to job performance.

25. All MOA employees are obligated to comply with the MOA's Policy/Procedure 40-16 and the EEO/AA Program to ensure that MOA employees and customers are treated in a nondiscriminatory manner. All MOA management and supervisory personnel have a responsibility to help ensure that MOA/AA policy and program is effectively implemented and that EEO matters within their respective area(s) of responsibility are promptly and appropriately addressed.…

26. Based on the circumstances of the promotions to Captain in 2015, 2017, 2018 and 2020, and the information obtained by Lieutenant John McKinnon, the Anchorage Police Department is engaging in employment practices which are either intended or have the disparate effect of violating the Municipalities 9/1/15 anti-discrimination policy, as well as State and Federal Laws against employment discrimination.

27. The APD's violation of the MOA 9/1/15 policy, and as well as State and Federal Laws against employment discrimination has the disparate effect of discriminating against Anchorage police officers on the basis of color, race and ethnicity.

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

28. The complained of actions of the defendants in this case caused the Plaintiff to suffer past and future economic damages and emotional distress, in an amount to be proven at trial, but in any case to exceed the jurisdictional requirements of this Court.

29. The Municipality of Anchorage, is vicariously liable for the actions of the members of the Anchorage Police Department, who are involved in the promotion to Captain process in the department and the disparate effect of the promotion process to Captain being utilized by the Anchorage Police Department.

30. The Plaintiff timely filed a complaint with the U.S. Equal Opportunity Commission (EEOC) in Seattle, Washington, with jurisdiction over Alaska EEOC complaints, regarding the actions of the defendants complained of in this case on September 24, 2018.

31. After the defendants refused to mediate the dispute, the Plaintiff obtained a "right to sue letter" from the EEOC dated August 2nd, 2019.

32. This suit was filed less than 90 days following receipt of that letter, satisfying the procedural requirements to file this suit pursuant to 42 USC 2000e-2.

33. Therefore the Plaintiff has exhausted his administrative remedy set forth in 42 USC 2000e-2 and is entitled to bring this action.

**FIRST CAUSE OF ACTION**
**(DISCRIMINATION)**

34. Plaintiff realleges all previous allegations

Amended Complaint
*Tuia v. MOA; et. al.*; Case No. 3:19-cv-00326 HRH - PAGE 6 OF 10
Case 3:19-cv-00326-HRH   Document 16   Filed 03/17/20   Page 6 of 10

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

35. The Defendants had a legal duty to not engage in discrimination in the process of promoting Lieutenants to Captains, pursuant to 42 USC 2000e-2.

36. Defendants, by and through the actions of the officials involved in the promotions of Anchorage Police Officers from Lieutenant to Captain engaged in practices that either intentionally or had the disparate effect of discriminating against qualified applicants on the basis of color, ethnicity, or race.

37. The complained of practices of the Defendants were a substantial cause of harm to the Plaintiff, including loss of income, future retirement benefits, emotional stress and related physical harm.

## SECOND CAUSE OF ACTION
## (RETALIATION)

38. Plaintiff realleges all previous allegations.

39. Defendants has a legal duty to not retaliate against Anchorage Police Officers who complained that the promotion practices of the Anchorage Police officers were discriminatory, 42 USC 2000e-2.

40. Defendants, by and through the actions of the officials of Anchorage Police Department, engaged in retaliatory actions against the Plaintiff, due his complaints about the promotion from Lieutenant to Captain process, which were a substantial cause of harm to the Plaintiff, including loss of income, future retirement benefits, emotional stress and related physical harm.

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

## THIRD CAUSE OF ACTION
## (DISCRIMINATION)

41. Plaintiff realleges all previous allegations

42. The Defendants had a legal duty to not engage in discrimination in the process of promoting Lieutenants to Captains, pursuant to AS 18.80.220(a)(1)

43. Defendants, by and through the actions of the officials involved in the promotions of Anchorage Police Officers from Lieutenant to Captain engaged in practices that either intentionally or had the disparate effect of discriminating against qualified applicants on the basis of color, ethnicity, or race.

44. The complained of practices of the Defendants were a substantial cause of harm to the Plaintiff, including loss of income, future retirement benefits, emotional stress and related physical harm.

## FOURTH CAUSE OF ACTION
## (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

45. Plaintiff realleges all previous allegations.

46. Defendants owe a duty of good faith and fair dealing to the Plaintiff.

47. The Defendants breached that duty in regard to the promotion to Captain process and the actions taken against Plaintiff after he complained he was not being treated fairly in that process.

48. The breach of the duty of good faith and fair dealing by the Defendants was a substantial cause of harm to the Plaintiff, including loss of income, future retirement benefits, emotional stress and related physical harm.

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Wherefore, Plaintiff prays for a judgment against the Defendants, jointly and severally, in an amount to be proven at trial, but in any case to exceed the jurisdictional requirements of this Court, plus costs, interest and attorneys fees and other equitable relief as the court deems just.

DATED AT THIS 17TH DAY OF MARCH, 2020

FLANIGAN & BATAILLE
Attorneys for Plaintiff

By: /s/ Michael W. Flanigan, ABA#7710114
FLANIGAN & BATAILLE
1007 W. 3rd Ave., Ste. 206
Anchorage, Alaska, 99501
Telephone: (907)-279-9999
Facsimile: (907) 258-3804
E-Mail: mflanigan@farnorthlaw.com

## **JURY DEMAND**

Comes Now Plaintiff, by and through counsel, Flanigan & Bataille and pursuant to FRCP 38 and demands a trial by jury on all issues in this case.

DATED AT THIS 17TH DAY OF MARCH, 2020

FLANIGAN & BATAILLE
Attorneys for Plaintiff

By: /s/ Michael W. Flanigan, ABA#7710114
1007 W. 3rd Ave., Ste. 206
Anchorage, Alaska, 99501
Telephone: (907)-279-9999
Facsimile: (907) 258-3804
E-Mail: mflanigan@farnorthlaw.com

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

**CERTIFICATE OF SERVICE**
I hereby certify that the foregoing Pleading was served on the following counsel, by way of the Court's ECF system, on the 17th day of March, 2020.

Ruth Bottstein
Meagan Carmichael
Asst. Municipal Attorneys
uslit@muni.org

_____/s/Michael Flanigan_____
   FLANIGAN & BATAILLE

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Amended Complaint
*Tuia v. MOA; et. al.*; Case No. 3:19-cv-00326 HRH - PAGE 10 OF 10