Ruth Botstein
Meagan Carmichael
Assistant Municipal Attorneys
Municipal Attorney's Office
P.O. Box 196650
Anchorage, AK 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendants
*Municipality of Anchorage; Anchorage Police Department*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JARED TUIA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| MUNICIPALITY OF ANCHORAGE, and ANCHORAGE POLICE DEPARTMENT, | ) ) ) |
| Defendants. | ) Case No. 3:19-cv-00326 HRH ) |

**DEFENDANTS' PRELIMINARY MOTION FOR PARTIAL SUMMARY JUDGMENT: STATUTE OF LIMITATIONS AND FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Pursuant to the Court's February 3, 2020 Scheduling and Planning Order and in accordance with Federal Rule of Civil Procedure, Defendants Municipality of Anchorage and Anchorage Police Department hereby file their preliminary motion regarding the statute of limitations and failure to exhaust administrative remedies. Defendants seek dismissal of a subset of Plaintiff Jared Tuia's employment discrimination claims. Mr. Tuia applied for promotion but was not promoted on four different occasions, in 2015, 2017, 2018, and 2020, allegedly due to racial discrimination. All of Mr. Tuia's 2015 claims are time-barred, and therefore should be

dismissed. His federal 2017 claims are also time-barred. And all of his claims based on his non-promotion in 2020 are not viable because Mr. Tuia failed to exhaust his administrative remedies on these claims, depriving this Court of subject matter jurisdiction; these claims too should be dismissed.

## Factual and Procedural History[1]

This is an employment discrimination case. Plaintiff Jared Tuia was employed by the Municipality of Anchorage as a police officer.[2] He applied four times to promotion to the rank of Police Captain, in 2015, 2017, 2018, and 2019.[3] Mr. Tuia was not the successful candidate for promotion in any of these hiring cycles.[4] Mr. Tuia is a person of color with Samoan/Pacific Islander heritage, and he attributes his lack of promotion to racial discrimination.[5] The Municipality asserts that it had legitimate, non-discriminatory reasons not to promote Mr. Tuia due to his relative lack of merit for the position.

On September 24, 2018, Mr. Tuia filed a complaint with EEOC, alleging discrimination in connection with the 2018 non-promotion.[6] He quickly broadened his EEOC charge, attempting to reach back to 2015.[7] The EEOC did not take action on the complaint, and issued a "right-to-sue" letter to Mr. Tuia on August 2, 2019.[8]

Mr. Tuia filed his initial complaint with this Court on October 30, 2019, alleging racial discrimination and retaliation under 42 U.S.C § 2000e-2 (Title VII), and violation of the

---

[1] This motion describes the facts in the light most favorable to Mr. Tuia, the non-moving party, citing directly to his allegations where possible. *See* Fed. R. Civ. P. 56(c).
[2] Docket 23-1 at ¶ 8.
[3] Docket 23-1 at ¶ 12.
[4] Docket 23-1 at ¶ 12.
[5] Docket 23-1 at ¶¶ 4, 26-27.
[6] Exhibit 1 (EEOC Notice of Charge of Discrimination) (listing alleged date of discrimination as occurring on April 20, 2018).
[7] Exhibit 2 (EEOC Charge of Discrimination) (listing alleged dates of discrimination as occurring between January 1, 2015 and April 20, 2018).
[8] Docket 23-1 at ¶ 31.

Motion for Partial Summary Judgment
*Tuia, Jared v. MOA, APD*; Case No. 3:19-cv-00326 HRH
Page 2 of 10
Case 3:19-cv-00326-HRH   Document 25   Filed 10/02/20   Page 2 of 10

covenant of good faith and fair dealing.[9]

After the filing of the complaint, another captain position arose. Mr. Tuia again applied but was not selected for promotion.[10] His First Amended Complaint added claims based on the 2020 non-promotion and also added a state law discrimination claim under AS 18.80.220(a)(1).[11]

Mr. Tuia retired from the Anchorage Police Department on June 29, 2020.[12] His Second Amended Complaint added a constructive discharge claim, and also clarified that Mr. Tuia intended to assert his retaliation claim under both state and federal law.[13]

## Legal Standards

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, the record reflects that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[14] Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[15] A party seeking summary judgment need not disprove claims for which his opponent bears the burden of proof.[16] The moving party "need provide nothing more than a reference to those materials on file in the case which support the movant's belief that there is an absence of any genuine issue of material fact."[17] In this case, summary judgment is warranted if Mr. Tuia fails to establish the existence of an essential element of his case.[18]

---

[9] Docket 1 at ¶¶ 31-41.
[10] Docket 23-1 at ¶ 19.
[11] Docket 16 at ¶¶ 19, 26, 41-44.
[12] Docket 23-1 at ¶ 28.
[13] Docket 23-1 at ¶¶ 40, 50-53.
[14] Fed. R. Civ. P. 56(c).
[15] *Lujan v. National Wildlife Federation*, 497 U.S. 871, 884 (1990).
[16] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[17] *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990)
[18] *Id.* at 322 (1986).

Motion for Partial Summary Judgment
*Tuia, Jared v. MOA, APD*; Case No. 3:19-cv-00326 HRH
Page 3 of 10
Case 3:19-cv-00326-HRH   Document 25   Filed 10/02/20   Page 3 of 10

## Arguments

**A.     Mr. Tuia's claims based on non-promotions in 2015 are time-barred, as are his federal law claims arising out of the 2017 non-promotion.**

Mr. Tuia's Second Amended Complaint asserts discrimination and retaliation claims arising from four separate promotion cycles that occurred in 2015, 2017, 2018, and 2020.[19] In each instance, Mr. Tuia applied for promotion to the rank of police Captain and was not selected for promotion. These were separate promotion opportunities for different Captain positions. Mr. Tuia raises claims under both federal and state law. But some of his claims are time-barred and are not viable for that reason, entitling the Municipality to partial summary judgment on those claims.

### 1.     Mr. Tuia's Title VII claims are limited to events occurring on or after March 28, 2018, excluding his claims for relief based on his non-promotions in 2015 and 2017.

Counts I (Discrimination—42 U.S.C. 2000e-2) and II (Retaliation) of the Second Amended Complaint sound in federal law under Title VII of the Civil Rights Act of 1964, 42 USC §2000e-2 et seq.[20] Mr. Tuia submitted these claims to the EEOC in his 2018 complaint.[21] These causes of action are subject to the statute of limitations analysis articulated by the Supreme Court in *Nat'l R.R. Passenger Corp. v. Morgan*[22] and applied by the Ninth Circuit in *Raad v. Fairbanks N. Star Borough*.[23] The Ninth Circuit decision in *Raad* explains the *Morgan* analysis, under which Title VII's statute of limitations applies separately to each discrete act of alleged discrimination:

> In *Morgan*, the Court drew a distinction between harassment-based and non-harassment-based claims under Title VII: plaintiffs may not establish

---

[19] Docket 23-1 (Second Amended Complaint) ¶¶ 12, 17, 19, 36, 40, 43.
[20] Docket 23-1 at ¶ 36, 40.
[21] Docket 23-1 at ¶ 30.
[22] 536 U.S. 101 (2002).
[23] 323 F. 3d 1185, 1192 (9th Cir. 2003).

Motion for Partial Summary Judgment
*Tuia, Jared v. MOA, APD*; Case No. 3:19-cv-00326 HRH
Page 4 of 10
Case 3:19-cv-00326-HRH   Document 25   Filed 10/02/20   Page 4 of 10

> employer liability for events occurring prior to the statutory limitations period in non-harassment based claims, even if events occurring outside of the limitations period form part of a pattern extending to events that are not time-barred. *Morgan,* 122 S.Ct. at 2072 (stating that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges"); see also id. at 2071 ("We have repeatedly interpreted the term 'practice' to apply to a discrete act or single 'occurrence,' even when it has a connection to other acts.").[24]

"In other words," the court explained, "a discriminatory practice, although it may extend over time and through a series of related acts, remains divisible into a set of discrete acts, legal action on the basis of which must be brought within the statutory limitations period."[25] *Morgan* "overruled the 'continuing violation' theory of Title VII liability."[26]

Mr. Tuia does not allege harassment, placing his claims firmly within the *Morgan/Raad* framework.[27] He alleges four discrete instances of employment discrimination: the promotion decisions in 2015, 2017, 2018, and 2020. Thus, to be actionable, each of these alleged instances of discrimination must fall within the statutory limitations period.

Title VII's statute of limitations is linked to the date that a claimant exhausts his administrative remedies by filing a charge with either the EEOC or a state EEO agency.[28] Where, as here, a litigant files a charge with the EEOC, a 180-day limitations period applies; plaintiffs who file charges before a state agency receive 300 days.[29] This period is calculated by counting backward from the EEOC or state agency filing date, as explained in *Raad*: "Raad filed her EEO charge with the ASCHR on September 16, 1993. Because she filed her charge with the

---

[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *See generally* Docket 23-1.
[28] 42 U.S.C. § 2000e-5(e)(1); *Raad*, 323 F.3d at 1192 n.5 ("A plaintiff must file a charge within 180 days after the unlawful employment practice occurred if filing directly with the EEOC, or within 300 days if filing with a state agency possessing the authority to process and remedy such claims under state law.");
[29] 42 U.S.C. § 2000e-5(e)(1); *Raad*, 323 F.3d at 1192 n.5; *Mun v. University of Alaska at Anchorage*, 378 F. Supp. 2d 1149, 1155 (D. Alaska 2005) ("Claims filed directly with the EEOC must be filed within 180 days of the discriminatory act."), *aff'd*, 291 F. Appx. 115 (9th Cir. 2008) (unpublished).

Motion for Partial Summary Judgment
*Tuia, Jared v. MOA, APD*; Case No. 3:19-cv-00326 HRH
Page 5 of 10
Case 3:19-cv-00326-HRH   Document 25   Filed 10/02/20   Page 5 of 10

state agency, the 300-day limitations period governs her claim. Therefore, the District may be held liable only for discriminatory acts perpetrated within 300 days of September 16, 1993, counting backward from that date."[30]

Here, Mr. Tuia filed a claim with the EEOC on September 24, 2018.[31] Therefore, the Municipality "may be held liable only for discriminatory acts perpetrated within [180] days of [September 24, 2018], counting backward from that date."[32] 180 days prior to the September 24, 2018 EEOC filing date is March 28, 2018. Mr. Tuia thus cannot sustain a claim under Title VII for any events preceding March 28, 2018. His federal discrimination and retaliation claims arising out of the 2015 and 2017 promotion decisions are therefore time-barred, entitling APD to summary judgment on those claims.

    **2.    Mr. Tuia's state law claims for relief based on his non-promotion in 2015 is time-barred.**

Counts II (Retaliation) and III (Discrimination) of the Second Amended Complaint sound in Alaska law under AS 18.80.220(a)(1).[33] These claims are subject to a two-year statute of limitations, AS 09.10.070.[34] Mr. Tuia first filed his civil complaint with this Court on October 30, 2019.[35] Thus, his state law claims based on conduct occurring before October 30, 2017 are time-barred unless they are equitably tolled.[36] The 2015 claims are barred.

The Alaska Supreme Court has held that proceedings before the Alaska State Commission for Human Rights operate to toll the statute of limitations on an AS 18.80 claim as

---

[30] *Raad*, 323 F.3d at 1192.
[31] Docket 23-1 at ¶ 30.
[32] *Id.*
[33] Docket 23-1 at ¶ 40, 43. Under AS 18.80.220(a)(1), "it is unlawful for [] an employer to refuse employment to a person, or to bar a person from employment, or to discriminate against a person in compensation or in a term, condition, or privilege of employment because of the person's race . . . ."
[34] *Russell v. Municipality of Anchorage*, 743 P.2d 372, 374-75 n.8 (Alaska 1987).
[35] Docket 1.

Motion for Partial Summary Judgment
*Tuia, Jared v. MOA, APD*; Case No. 3:19-cv-00326 HRH
Page 6 of 10
Case 3:19-cv-00326-HRH   Document 25   Filed 10/02/20   Page 6 of 10

long as "(1) pursuit of the initial remedy must give the defendant notice of the plaintiff's claim; (2) the defendant's ability to gather evidence must not be prejudiced by the delay; and (3) the plaintiff must have acted reasonably and in good faith."[37] Plaintiff likely will argue that the same is true for an EEOC filing like Mr. Tuia's, and that his EEOC filing meets this standard. But even if the EEOC proceedings tolled the state limitations statute, equitable tolling cannot rescue any claims from 2015.

The two-year statute of limitations on 2015 conduct ran in 2017—well before Mr. Tuia filed his September 24, 2018, EEOC complaint. Even if the statute of limitation was equitably tolled between the date Mr. Tuia filed with the EEOC and the date that the EEOC issued its right-to-sue letter, then, the statute had already run on any 2015 claims before Mr. Tuia's 2018 EEOC filing. The two-year statute of limitation in AS 09.10.070 bars Mr. Tuia's claims that arise out of the 2015 promotion process, entitling APD to judgment on those claims.[38]

---

[36] *Beegan v. State, Dep't of Transp. & Pub. Facilities*, 195 P.3d 134, 141 (Alaska 2008)
[37] *Id.*
[38] Nor could a "continuing violation" theory save these state law time-barred claims. It is unclear whether a continuing violation theory in a promotions case under Alaska law survived *Morgan*. Alaska's human rights law was modeled after federal law, and the Alaska Supreme Court relies heavily on federal case law in interpreting AS 18.80, but the court also has cautioned that Alaska law is intended to be more protective than federal law and should be more broadly interpreted to further the goal of eradicating discrimination. *See, e.g., Miller v. Safeway, Inc.*, 102 P.2d 282, 290 (Alaska 2004). But this Court need not resolve this question, for even under pre-*Miller* law, Mr. Tuia's claims would not survive. In *Sengupta v. University of Alaska*, 21 P.3d 1240, the Alaska Supreme Court found employment discrimination claims to be time-barred under state law, explaining that "[o]n a subjective basis, if a plaintiff's actions show that she knew her rights had been violated by a certain point in time, the limitations period starts running from that date" because "[t]he continuing violation doctrine does not exist to give a second chance to an employee who allowed a legitimate [discrimination] claim to lapse." *Id.* at 1249-50. Because the plaintiff there "has long felt that he has suffered discrimination—certainly before January 17, 1995, the date two years before the filing of the complaint" and raised that issue in grievance proceedings with his employer well before filing suit, his claims were time-barred. *Id.* The same is true here; Mr. Tuia asserts that he was discriminated against in 2015, was told in 2015 that he

Mr. Tuia also asserts a state law claim for violation of the covenant of good faith and fair dealing.[39] To the extent that this claim arises from conduct occurring before October 30, 2017, it too is time-barred for the same reasons.

**B.     All Federal Claims based on Mr. Tuia's 2020 non-promotion should be dismissed because Mr. Tuia failed to exhaust his administrative remedies.**

Mr. Tuia's federal claims about the 2020 promotion process also are not viable and should be dismissed. These claims are not time-barred, but they suffer from another procedural deficit: Mr. Tuia failed to exhaust his administrative remedies regarding his non-promotion in 2020.

Before filing a Title VII lawsuit, a claimant must exhaust his administrative remedies "by filing a charge with the EEOC or an equivalent state agency . . . and receiving a right-to-sue letter."[40] The exhaustion requirement is a "jurisdictional pre-requisite"[41] that defines and limits the court's subject matter jurisdiction to matters that the "agency [had] an opportunity to investigate."[42] This Court has subject matter jurisdiction over "all claims of discrimination that fall within the scope of the EEOC's actual investigation or an EEOC investigation that could reasonably be expected to grow out of the charge."[43]

Here, Mr. Tuia filed with the EEOC in 2018—well before he applied or was not promoted to captain in 2020. The EEOC did not have any opportunity to investigate the 2020 claims, for the obvious reason that the 2020 events Mr. Tuia complains of had not happened yet. Nor could the Municipality's future 2020 conduct have been "reasonably be expected to grow

---

would be successful "somewhere other than the APD," and that he began experiencing retaliation in the form of frequent duty transfers in 2015. Docket 23-1 at ¶¶ 14-16; Exhibit 2.
[39] Docket 23-1 at ¶¶ 46-49.
[40] *Scott v. Geno Morena Enters.*, 888 F.3d 1101, 1105 (9th Cir. 2018); 42 U.S.C. § 2000e-5(e)(1).
[41] *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003).
[42] *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003); *see also Leong*, 347 F.3d at 1122.
[43] *Vasquez* 349 F.3d at 644.

Motion for Partial Summary Judgment
*Tuia, Jared v. MOA, APD*; Case No. 3:19-cv-00326 HRH
Page 8 of 10

Case 3:19-cv-00326-HRH   Document 25   Filed 10/02/20   Page 8 of 10

out of" the 2018 EEOC charges; after all, the agency closed its file and issued a right-to-sue letter in 2019. And given that there no longer is any "continuing violation" liability under Title VII for non-harassment discrimination claims like Mr. Tuia's,[44] the agency's investigation of promotion practices occurring in 2018 or before would not reasonably relate to any future hiring decisions; in the absence of continuing violations liability, each act of alleged discrimination is a discrete claim that must be separately considered and presented to the EEOC.[45] Because Mr. Tuia failed to exhaust his administrative remedies with respect to the 2020 allegations, this court lacks subject matter jurisdiction over those claims under federal law, and should dismiss them.[46]

## Conclusion

All of Mr. Tuia's claims arising out of his non-promotion in 2015 are time-barred, and this Court should dismiss them. Mr. Tuia's federal claims arising out of his 2017 non-promotion also are time-barred and should be dismissed. Because Mr. Tuia has failed to exhaust his administrative remedies on his federal claim regarding non-promotion in 2020, this Court lacks subject matter jurisdiction over that claim, and it must be dismissed as well.

---

[44] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Raad v. Fairbanks N. Star Borough*, 323 F. 3d 1185, 1192 (9th Cir. 2003) (holding that *Morgan* "overruled the 'continuing violation' theory of Title VII liability.").

[45] *Raad*, 323 F. 3d at 1192. The contrary holding of *Chung v. Pomona Valley Cmty. Hosp.*, 667 F.2d 788, 792 (9th Cir. 1982)—which allows a claim of discrimination that post-date's plaintiff's EEOC filing to proceed—is based on a continuing violation theory, and thus is not good law after *Morgan*. *Chung*, 667 F.2d at 792 ("If Chung can prove a pattern of discrimination, he may also be able to show that this recent act was part of the pattern."); *Raad*, 323 F. 3d at 1192 ("[T]he Supreme Court has overruled the 'continuing violation' theory of Title VII liability.").

[46] As discovery proceeds, defendants reserve the right to make additional exhaustion of administrative remedies with respect to whether Mr. Tuia fulfilled his obligations to exhaust his administrative remedies under state law with respect to the constructive discharge and covenant of good faith and fair dealing claims.

Respectfully submitted this 2nd day of October, 2020.

        KATHRYN R. VOGEL
        Municipal Attorney

        By: s/Ruth Botstein, s/ Meagan Carmichael
            Ruth Botstein (AK Bar No. 9906016)
            Meagan Carmichael (AK Bar No. 1011071)
            Assistant Municipal Attorneys
            Municipal Attorney's Office
            P.O. Box 196650
            Anchorage, AK 99519-6650
            Phone: (907) 343-4545
            Fax: (907) 343-4550
            Email: uslit@muni.org

Certificate of Service
The undersigned hereby certifies that on October 2, 2020, a
true and correct copy of the foregoing was served on the parties
by electronic means through the CM/ECF system.

/s Amber J. Cummings
Amber J. Cummings, Legal Secretary
Municipal Attorney's Office