Ruth Botstein
Meagan Carmichael
Assistant Municipal Attorneys
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendants
*Municipality of Anchorage; Anchorage Police Department*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JARED TUIA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| MUNICIPALITY OF ANCHORAGE, and ANCHORAGE POLICE DEPARTMENT, | ) ) ) |
| Defendants. | ) Case No. 3:19-cv-00326 HRH ) |

## MUNICIPALITY OF ANCHORAGE AND ANCHORAGE POLICE DEPARTMENT'S ANSWER TO SECOND AMENDED COMPLAINT

Defendants Municipality of Anchorage and Anchorage Police Department ("Defendants"), by and through the Office of the Municipal Attorney, hereby answer Plaintiff's Second Amended Complaint as follows:

## GENERAL ALLEGATIONS

1. Paragraph 1 contains a summary of Plaintiff's characterization of his legal claim, to which no response is required. To the extent a response is required, Defendants deny.

2. This paragraph contains allegations of law to which no response is required. To the extent a response is required, defendants deny.

3. Admitted.

4. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 4 of Plaintiff's Complaint, and therefore deny the same.

5. Admitted.

6. Defendants admit that the Anchorage Police Department is a department of the Municipality of Anchorage. Any remaining factual allegations are denied.

7. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 7 of Plaintiff's Complaint, and therefore deny the same.

8. Admitted.

9. Defendants admit that "Tuia has advanced to the rank of Lieutenant." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 9 of Plaintiff's Complaint, and therefore deny the same.

10. Admitted.

11. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 11 of Plaintiff's Complaint, and therefore deny the same.

12. Defendants admit that Jared Tuia was not selected for a promotion to Captain in 2015, 2017, and 2018, and 2020. Defendants are without sufficient knowledge or information to form

a belief as to the truth or falsity of the remaining allegations in Paragraph 12 of Plaintiff's Complaint, and therefore deny the same.

13. Denied.

14. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 14 of Plaintiff's Complaint, and therefore deny the same.

15. Defendants deny that "no debriefing was provided" regarding the 2017 promotion. Defendants admit that Lt. Tuia was transferred to the property crimes division, but deny that the transfer occurred because he asked for a debriefing. Defendants deny that Tuia "caused a reduction in the amount of property crimes" because other factors contributed to the reduction in property crimes.

16. Defendants admit that Lt. Tuia was transferred, but deny that he was transferred because he "started inquiring why he had not been promoted." Defendants deny that "between 2015 and 2018 he was transferred more than any other Lieutenant at the Anchorage Police Department"; many Lieutenants at the Anchorage Police Department experienced similar transfers and reassignments as Lt. Tuia during this time frame.

17. Defendants admit that Tuia was not promoted in April 2018. Defendants deny the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18. Denied.

19. Defendants admit that Tuia was not promoted in March 2020. Defendants deny the remaining allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendants admit that the Anchorage Police Department does not have formal written performance evaluations. Any additional factual allegations of this paragraph are denied.

21. Denied.

22. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 22 of Plaintiff's Complaint, and therefore deny the same.

23. Denied.

24. Defendants state that the Municipality of Anchorage's EEO/AA Policy Statement speaks for itself. The remaining allegations of this paragraph contain statements of law to which no response is required. To the extent that a response is required, the allegations are denied.

25. Defendants state that the Municipality of Anchorage's EEO/AA Policy Statement speaks for itself. The remaining allegations of this paragraph contain statements of law to which no response is required. To the extent that a response is required, the allegations are denied.

26. Denied.

27. Denied.

28. Paragraph 28 contains statements of law to which no response is required. To the extent a response is required, Defendants deny.

29. Paragraph 29 contains statements of law to which no response is required. To the extent a response is required, Defendants deny.

30. Paragraph 30 contains statements of law to which no response is required. To the extent a response is required, Defendants deny.

29. (*Sic*) Paragraph 29 contains statements of law to which no response is required. To the extent a response is required, Defendants deny.

30. (*Sic*) Defendants admit that Tuia filed a complaint with the EEOC on or around September 26, 2018. The EEOC's jurisdiction is a question of law to which no response from Defendants is required. Any remaining factual allegations of this paragraph are denied.

31. Defendants deny that they "refused to mediate the dispute." Defendants actively participated in the EEOC mediation process. Defendants lack sufficient knowledge and information from which to admit that the EEOC provided a "right to sue" letter to Lt. Tuia, and therefore deny the same. Any remaining factual allegations of this paragraph are denied.

32. Paragraph 32 contains statements of law to which no response is required. To the extent a response is required, Defendants state that they are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 32 of Plaintiff's Complaint. To the extent a response is required, Defendants deny.

33. Paragraph 33 contains statements of law to which no response is required. To the extent a response is required, Defendants deny.

34. Paragraph 34 contains statements of law to which no response is required. To the extent a response is required, Defendants deny.

## FIRST CAUSE OF ACTION (DISCRIMINATION)

35. Defendants reallege and reincorporate their responses to paragraphs 1-34 above.

36. Paragraph 36 contains statements of law to which no response is required. To the extent a response is required, Defendants deny.

37. Denied.

38. Paragraph 38 contains statements of law to which no response is required. To the extent a response is required, Defendants deny.

## SECOND CAUSE OF ACTION (RETALIATION)

39. Defendants reallege and reincorporate their responses to paragraphs 1-38 above.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

41. Denied.

## THIRD CAUSE OF ACTION
## (DISCRIMINATION)

42. Defendants reallege and reincorporate their responses to paragraphs 1-41 above.

43. Paragraph 43 contains statements of law to which no response is required. To the extent a response is required, Defendants deny.

44. Denied.

45. Paragraph 45 contains statements of law to which no response is required. To the extent a response is required, Defendants deny.

## FOURTH CAUSE OF ACTION
## (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

46. Defendants reallege and reincorporate their responses to paragraphs 1-45 above.

47. Paragraph 47 contains statements of law to which no response is required. To the extent a response is required, Defendants deny.

48. Denied.

49. Denied.

## CONSTRUCTIVE DISCHARGE

50. Defendants reallege and reincorporate their responses to paragraphs 1-49 above.

51. Paragraph 51 contains statements of law to which no response is required. To the extent a response is required, Defendants deny.

52. Paragraph 52 contains statements of law to which no response is required. To the extent a response is required, Defendants deny.

53. Paragraph 53 contains statements of law to which no response is required. To the extent a response is required, Defendants deny.

## AFFIRMATIVE AND OTHER DEFENSES

54. Plaintiff's Complaint, in whole or in part, fails to state a cause of action or claim upon which relief can be granted.

55. Plaintiff's claims, in whole or in part, are barred by the statute of limitations.

56. Plaintiff's alleged damages may have been caused, in whole or in part, by persons or entities for which Defendants are not responsible under Alaska law, including Plaintiff.

57. Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to mitigate his alleged damages.

58. Plaintiff's alleged damages may have been caused, in whole or in part, by Plaintiff's own acts or omissions, thereby barring or reducing the amount of any potential recovery.

59. Plaintiff has failed to exhaust his administrative remedies.

60. Plaintiff's injuries, if any, are the result of preexisting or subsequent medical and/or emotional conditions, or otherwise were not caused by Defendants.

61. Plaintiff's claims are barred, in whole or in part, by AS 09.65.070 and other applicable statutory and common law immunities.

62. Defendants reserve the right to assert any and all additional affirmative defenses as may be revealed by further investigation and/or discovery in this action.

## REQUEST FOR RELIEF

WHEREFORE, Defendants respectively request relief as follows:

A. For judgment in favor of Defendants, dismissing Plaintiff's action with prejudice;

B. For judgment awarding Defendants their attorney's fees and costs pursuant to Federal R. Civ. P. 54, Alaska R. Civ. P. 82 and Alaska R. Civ. P. 79; and

C. For such other and further relief as this Court deems just and equitable.

Respectfully submitted this 22th day of October, 2020.

KATHRYN R. VOGEL
Municipal Attorney

By: s/Ruth Botstein, s/ Meagan Carmichael
    Ruth Botstein (AK Bar No. 9906016)
    Meagan Carmichael (AK Bar No. 1011071)
    Assistant Municipal Attorneys
    Municipal Attorney's Office
    P.O. Box 196650
    Anchorage, Alaska 99519-6650
    Phone: (907) 343-4545
    Fax: (907) 343-4550
    Email: uslit@muni.org

Certificate of Service
The undersigned hereby certifies that on October 22, 2020, a true and correct copy of the foregoing was served on the parties by electronic means through the CM/ECF system.

/s Amber J. Cummings
Amber J. Cummings, Legal Secretary
Municipal Attorney's Office