IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JARED TUIA,  )
 )
                              Plaintiffs,  )
 )
vs.  )
 )
MUNICIPALITY OF ANCHORAGE and  )
ANCHORAGE POLICE DEPARTMENT,  )
 )   No. 3:19-cv-0326-HRH
                              Defendants.  )
_____)

O R D E R

Motion for Partial Summary Judgment

Defendants move for partial summary judgment.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

Facts

Plaintiff is Jared Tuia. Plaintiff "is a person of color, 1/2 Samoan, and classified as a Pacific Islander."[3] Defendants are the Anchorage Police Department ("APD") and the Municipality of Anchorage.

---

[1]Docket No. 25.

[2]Docket No. 32.

[3]Second Amended Complaint at 2, ¶ 4, Docket No. 26.

Plaintiff was employed by APD as a police officer from 1999 until June 29, 2020. Plaintiff advanced to the rank of lieutenant and applied for a promotion to captain in 2015, 2017, 2018, and 2020. Plaintiff was denied these promotions and alleges that each time "Lieutenants with lesser time in grade and lesser qualifications were promoted instead."[4] Plaintiff alleges that when he asked why he was not promoted in 2015, "he was told he could accomplish great things, 'somewhere other than the APD.'"[5] He alleged that when he "asked for a debriefing about why he was not promoted in 2017, no debriefing was provided" and instead he was transferred to the property crimes division.[6] Plaintiff alleges that after he "started inquiring why he had not been promoted he started experiencing frequent transfers" and that "[b]etween 2015 and 2018 he was transferred more than any other Lieutenant at the Anchorage Police Department."[7] Plaintiff alleges that after he was denied promotion in 2018, he "ask[ed] for a debriefing to explain why he was not promoted for the third time," but "none was provided."[8]

Plaintiff filed a charge of discrimination with the EEOC on September 24, 2018. Plaintiff alleged that he had been discriminated against based on his race, color, and national

---

[4] Id. at 3, ¶ 13.

[5] Id. at 3, ¶ 14.

[6] Id. at 3, ¶ 15.

[7] Id. at 3, ¶ 16.

[8] Id. at 4, ¶ 18.

origin in connection with the 2018 denial of promotion.[9] On December 10, 2018, plaintiff filed an amended charge to include the 2015 and 2017 denials of promotion.[10]

The EEOC issued plaintiff a right to sue letter on August 2, 2019.

Plaintiff commenced this action on October 30, 2019. In his second amended complaint, plaintiff states five causes of action. In the first cause of action, plaintiff asserts Title VII discrimination claims. In the second cause of action, plaintiff asserts retaliation claims pursuant to Title VII and AS 18.80.220(a)(1). In the third cause of action, plaintiff asserts state law discrimination claims pursuant to AS 18.80.220(a)(1). In the fourth cause of action, plaintiff asserts a breach of the covenant of good faith and fair dealing claim. In the fifth cause of action, plaintiff asserts a constructive discharge claim.

Defendants now move for summary judgment[11] on plaintiff's claims based on the 2015 denial of promotion, his federal claims based on the 2017 denial of promotion, and his federal claims based on the 2020 denial of promotion.

---

[9]Exhibit A at 1, Defendants' Preliminary Motion for Partial Summary Judgment [etc.], Docket No. 25.

[10]Exhibit B, Defendants' Preliminary Motion for Partial Summary Judgment [etc.], Docket No. 25.

[11]Plaintiff suggests that this is actually a Rule 12(b)(6) motion because defendants did not offer any evidence in support of their motion. However, because both defendants and plaintiff have offered evidence beyond the pleadings, the court has treated the instant motion as a summary judgment motion.

Discussion

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to show that there is an absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In deciding a motion for summary judgment, the court views the evidence of the non-movant in the light most favorable to that party, and all justifiable inferences are also to be drawn in its favor. Id. at 255. "'[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence.'" Arandell Corp. v. Centerpoint Energy Services, Inc., 900 F.3d 623, 628–29 (9th Cir. 2018) (quoting T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987)).

Defendants first move for summary judgment on plaintiff's Title VII discrimination and retaliation claims which are based on the 2015 and 2017 denials of promotion on the ground that these claims are barred by the statute of limitations. "Claims filed directly with the EEOC must be filed within 180 days of the discriminatory act." Mun v. Univ. of Alaska at Anchorage, 378 F. Supp. 2d 1149, 1155 (D. Alaska 2005). Plaintiff concedes that these

claims are time barred.[12] Defendants are entitled to summary judgment dismissing plaintiff's Title VII discrimination and retaliation claims which are based on the 2015 and 2017 denials of promotion.

Defendants next move for summary judgment on plaintiff's state law discrimination and retaliation claims which are based on the 2015 denial of promotion. A two-year statute of limitations applies to claims such as this which are brought pursuant to AS 18.80.220. Russell v. Municipality of Anchorage, 743 P.2d 372, 374 and n.8 (Alaska 1987). Defendants argue that because plaintiff filed his complaint on October 30, 2019, any AS 18.80.220 claims occurring before October 30, 2017 are time barred unless they are equitably tolled.

"'The equitable tolling doctrine applies to relieve a plaintiff from the bar of the statute of limitations when he has more than one legal remedy available to him.'" Beegan v. State, Dep't of Transp. & Public Facilities, 195 P.3d 134, 141 (Alaska 2008) (quoting Dayhoff v. Temsco Helicopters, Inc., 772 P.2d 1085, 1087 (Alaska 1989)). In addition, there are "three additional elements" that "must be met for equitable tolling to apply: (1) pursuit of the initial remedy must give the defendant notice of the plaintiff's claim; (2) the defendant's ability to gather evidence must not be prejudiced by the delay; and (3) the plaintiff must have acted reasonably and in good faith." Id. Defendants argue that plaintiff's EEOC filing in 2018 cannot save his 2015 state law discrimination and retaliation claims because the two-year

---

[12]Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at 6, Docket No. 32.

-5-

Case 3:19-cv-00326-HRH   Document 38   Filed 01/07/21   Page 5 of 10

statute of limitations had run on the 2015 conduct before plaintiff filed his EEOC charge in 2018.

In response, plaintiff argues that equitable tolling would apply to his state law discrimination and retaliation claims which are based on the 2017 denial of promotion because he filed his EEOC charge within two years of that event. However, defendants did not move for summary judgment on plaintiff's state law discrimination and retaliation claims based on the 2017 denial of promotion. Rather, defendants move for summary judgment on plaintiff's state law discrimination and retaliation claims which are based on the 2015 denial of promotion.

As to those claims, equitable tolling does not apply. Implicit in the first element of equitable tolling, that pursuit of the initial remedy must give the defendant notice of the plaintiff's claim, is a requirement that the plaintiff must have begun his initial pursuit of a remedy during the limitations period. In order for equitable tolling to apply to plaintiff's 2015 state law discrimination and retaliation claims, plaintiff would have had to file his EEOC complaint within two years of the 2015 denial of promotion, which plaintiff did not do.

The continuing violation doctrine also cannot save plaintiff's 2015 state law discrimination and retaliation claims. To prevail on this theory, plaintiff would have to "demonstrate that" the 2015 claims "are so related to the timely filed . . . claim[s] that they
-6-

constitute a continuing violation." Sengupta v. Univ. of Alaska, 21 P.3d 1240, 1249 (Alaska 2001). Here, each denial of promotion constitutes a separate and discrete act.

Plaintiff then argues that his 2015 state law discrimination and retaliation claims are saved by the discovery rule. "'[T]he statute of limitations does not begin to run until the claimant discovers, or reasonably should have discovered, the existence of all elements essential to the cause of action.'" Russell, 743 P.2d at 375 (quoting Hanebuth v. Bell Helicopter Int'l, 694 P.2d 143, 144 (Alaska 1984)). Plaintiff argues that he did not discover all the elements essential to his state law discrimination and retaliation claims until 2018. Plaintiff avers that although he asked why he was not promoted in 2015, 2017, and 2018, it was not until September 11, 2018, that a Lieutenant McKinnon told him that "the Chief had already decided who he was going to promote before the applications for promotion to Captain were even advertised."[13] Plaintiff avers that "[i]t was that disclosure that convinced me to file an EEOC claim on 9/24/2018, because it indicated that the promotion process itself was a sham."[14] Plaintiff also points out that he has alleged that he asked why he was not promoted in 2015 and 2017, but was given no explanation. Plaintiff insists that he did not know that he was being discriminated against until 2018, which he argues means that his 2015 state law discrimination and retaliation claims are not barred by the statute of limitations.

---

[13]Declaration of Jared Tuia at 2-3, ¶ 8, appended to Plaintiff's Unopposed Motion [etc.], Docket No. 33.

[14]Id. at 3, ¶ 9.

-7-

"Under the discovery rule the relevant inquiry is the date when [plaintiff] reasonably should have known of the facts supporting h[is] cause of action." Id. "Ordinarily summary judgment on this issue would be inappropriate. . . . If, however, there are uncontroverted facts that indicate when [plaintiff] reasonably should have known that []he had a cause of action, then this court can dispose of the question as a matter of law." Id. Defendants argue that, in 2015, plaintiff had "notice of facts sufficient to prompt a person of average prudence to inquire, and thus should be deemed to have notice of all facts which reasonable inquiry would disclose." Id. at 376 (citation omitted).

Plaintiff avers that he asked for an explanation of the 2015 denial of promotion and got "a confusing explanation that 'I could do better elsewhere,' which did not answer the question as to what I could do better to earn a promotion."[15] Plaintiff also avers that in 2017, "when I questioned why I was not promoted, I was not given any explanation."[16] Plaintiff has also alleged that he began being transferred more frequently after he questioned the 2015 denial. But these facts are not necessarily sufficient to put plaintiff on notice that he had potential discrimination and retaliation claims. Nothing about the explanation given plaintiff in 2015, the lack of an explanation in 2017, or the transfers, on their face, suggest that plaintiff was being discriminated against because of his race, color, or national origin. With what is currently before it, the court cannot conclude, as a matter of law, that plaintiff should

---

[15] Id. at 2, ¶ 6.

[16] Id. at 2, ¶ 7.

have reasonably discovered that he had discrimination and retaliation claims in 2015. Thus, defendants are not entitled to summary judgment on plaintiff's state law discrimination and retaliation claims which are based on the 2015 denial of promotion.

Defendants also move for summary judgment dismissing plaintiff's breach of the implied covenant claim to the extent that it is based on the 2015 denial of promotion on the ground that this claim is barred by the statute of limitations. But, this claim may be timely for the same reason that plaintiff's state law discrimination and retaliation claims which are based on the 2015 denial of promotion are timely. Defendants are not entitled to summary judgment on plaintiff's breach of the implied covenant claim to the extent that it is based on the 2015 denial of promotion.

Finally, defendants move for summary judgment on plaintiff's Title VII discrimination and retaliation claims which are based on the 2020 denial of promotion for failure to exhaust administrative remedies. "Under Title VII, an aggrieved person wishing to bring a claim against an employer must exhaust administrative remedies by filing a charge with the Equal Employment Opportunity Commission (the 'EEOC') or a qualifying state agency and receiving a right-to-sue notice." Scott v. Gino Morena Enterprises, LLC, 888 F.3d 1101, 1104 (9th Cir. 2018). Plaintiff concedes that his 2020 Title VII claims are subject to dismissal for failure to exhaust administrative remedies.[17] Defendants are entitled to

---

[17]Plaintiff's Opposition to Defendants' Motion for Summary Judgment at 7, 11, Docket No. 32.

summary judgment dismissing plaintiff's Title VII claims which are based on the 2020 denial of promotion.

## Conclusion

Defendants' motion for partial summary judgment[18] is granted in part and denied in part. Plaintiff's federal claims based on the 2015 and 2017 denials of promotion are dismissed as time barred. Plaintiff's federal claims based on the 2020 denial of promotion are dismissed for failure to exhaust administrative remedies. Defendants' motion is otherwise denied.

DATED at Anchorage, Alaska, this 7th day of January, 2021.

/s/ H. Russel Holland
United States District Judge

---

[18]Docket No. 25.